UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| IN THE MATTER OF ) | |
| ) | |
| SUDIE MAE LAYNE, ) | CASE NO. 10-34228 HCD |
| ) | CHAPTER 7 |
| ) | |
| DEBTOR. ) | |
| ) | |
| ) | |
| JACQUELINE SELLS HOMANN, ) | |
| ) | |
| PLAINTIFF, ) | |
| vs. ) | PROC. NO. 11-3032 |
| ) | |
| RALPH MONTY LAYNE, ) | |
| ) | |
| DEFENDANT. ) | |

MEMORANDUM OF DECISION

At South Bend, Indiana, on October 13, 2011.

Before the court is the Motion for Default Judgment filed by Jacqueline Sells Homann, the chapter 7 Trustee ("plaintiff" or "Trustee") in the bankruptcy case of Sudie Mae Layne, chapter 7 debtor ("debtor"). The Trustee seeks a judgment by default on the ground that the defendant Ralph Monty Layne ("defendant") failed to answer or otherwise plead to the Trustee's "Complaint to Avoid and Recover an Avoidable Transfer" or to her Motion for Default Judgment. The Trustee asks that the preferential transfer of $20,000 from the debtor to her husband, the defendant herein, be avoided pursuant to 11 U.S.C. § 547 and § 550. For the following reasons, the court denies the Motion for Default Judgment without prejudice.[1]

Rule 7055 of the Federal Rules of Bankruptcy Procedure governs defaults. It applies Rule 55 of the Federal Rules of Civil Procedure in adversary proceedings. Rule 55 distinguishes between an "entry of default" under Rule 55(a) and "judgment by default" under Rule 55(b). *See Lowe v. McGraw-Hill Cos.,*

---

[1] The court has jurisdiction to decide the matter before it pursuant to 28 U.S.C. § 1334 and § 157 and the Northern District of Indiana Local Rule 200.1. The court has determined that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(F).

*Inc.*, 361 F.3d 335, 339 (7th Cir. 2004). It sets forth a two-step process for a movant: proof of a default and then justification for a judgment by default. *See In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004).

The court finds that the plaintiff satisfied Rule 55(a) with her filing of a Request for Clerk's Entry of Default and an attached Affidavit. She declared to the court that the defendant was properly served a summons and a copy of the Complaint; that the regular first class mailing was not returned to her as undeliverable; and that the defendant failed to plead or otherwise defend. The court found that the time for a response had expired. The requirements of Rule 55(a) having been fulfilled, the Clerk of the Court entered the default against the defendant Ralph Monty Layne.

An entry of default under Rule 55(a) must precede the grant of a default judgment under Rule 55(b). "Once the default is established, and thus liability, the plaintiff still must establish his entitlement to the relief he seeks." *In re Catt*, 368 F.3d at 793. In this case, once the Clerk's default had been entered, the plaintiff filed a Motion for Default Judgment, with an accompanying Affidavit. *See* R. 10. Rule 55(b)(2) requires a plaintiff to demonstrate that the allegations of the underlying complaint prove a *prima facie* case for a valid cause of action and establish the defendant's liability as a matter of law. *See Target Nat'l Bank v. Redmond (In re Redmond)*, 399 B.R. 628, 633 (Bankr. N.D. Ind. 2008); *see also Capital One Bank v. Bungert (In re Bungert)*, 315 B.R. 735, 736-37 (Bankr. E.D. Wis. 2004); *In re Taylor*, 289 B.R. 379, 382 (Bankr. N.D. Ind. 2003).

Turning first to the Complaint, the court found that it properly set forth a *prima facie* case for avoidance of a preferential transfer under 11 U.S.C. § 547(b). It cited the proper section of the Bankruptcy Code and alleged the elements required under § 547(b). It presented sufficient factual detail to present a clear, plausible allegation of the transfer and of the preferential "insider" relationship between the debtor and the defendant.

The Motion for Default Judgment in essence reiterated the Complaint. The accompanying Affidavit presented additional specific details concerning the transfer of a $20,000 payment from the debtor

to the defendant to support the Complaint's claim for relief.[2] The Trustee declared that the debtor had shown her copies of the defendant's loan check and the debtor's repayment check and had testified at the 341 Meeting of Creditors about the $20,000 payment she made to her spouse. The court finds that the Trustee sufficiently demonstrated that the allegations in the underlying Complaint stated a legitimate claim for relief under § 547(b). The Motion for Default Judgment then requested relief in the amount of $20,000 plus interest and costs.[3]

However, the Affidavit attached to the Motion requires revision. When a defendant is a natural person, the plaintiff's affidavit must show that the defendant is not a minor, an incompetent person, or a member of the armed forces of the United States. Such a declaration must be supported by information from the records of the Department of Defense Manpower Data Center or by other facts sufficiently probative of the defendant's military status.[4] Without an affidavit establishing the defendant's ability to defend himself in court, the plaintiff's Motion does not comply with Rule 55(b) or the Soldiers' and Sailors' Civil Relief Act, 50 U.S.C. App., § 501 *et seq*. *See United States v. Kaufman*, 453 F.2d 306, 308-09 (2nd Cir.1971); *In re Redmond*, 399 B.R. at 632; *In re Templehoff*, 339 B.R. 49, 53 (Bankr. S.D.N.Y. 2005); *In re Montano*, 192 B.R. 843, 844-45 (Bankr. D. Md. 1996). In this case, the Affidavit is not sufficient.

---

[2] The plaintiff declared in the Affidavit that the defendant loaned the debtor, his wife, $70,000 to start a business and that she repaid him $20,000 of that loan on May 6, 2010. *See* R. 10, Affid. at ¶¶ 3-5. The debtor filed bankruptcy on August 31, 2010, and the $20,000 repayment therefore fell within the one-year insider preference period. *See* § 547(b)(4)(B).

[3] The court notes that the Complaint also "reserve[d] the right to add any such additional preferential transfers to the allegations contained in the complaint." R. 1, ¶ 14. However, the allegations of this Complaint proved a *prima facie* case only for the $20,000 preferential transfer. They did not establish the defendant's liability concerning any other transfers. A plaintiff may not "reserve the right" to assert a judgment by default on other transfers. *Prima facie* proof of the required elements of § 547(b) is necessary. Because the prayer for relief in the Motion for Default Judgment is limited specifically to the $20,000 preferential transfer, the Motion can be approved in that amount.

[4] The court notes that the Trustee made reference to "information provided by the debtor and record review on Lexis/Nexus" and concluded that she had no "indication that Ralph Layne is serving in any branch of the Armed Services." R. 10, ¶ 6. This vague reference is not sufficiently probative information.

The court finds that a default judgment cannot be entered without an affidavit of nonmilitary status.  The court directs the plaintiff to file the required affidavit with the court within twenty-one (21) days of this Order.  Upon receipt of a proper affidavit concerning the defendant's military status, the court will make a determination concerning the plaintiff's Motion for Default Judgment.

SO ORDERED.

/s/ HARRY C. DEES, JR.
HARRY C. DEES, JR., JUDGE
UNITED STATES BANKRUPTCY COURT